**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

STEVEN WASHINGTON,

      Plaintiff,

CASE NO. 06-12184
HON. LAWRENCE P. ZATKOFF

v.

MACOMB COUNTY, DEPUTY
JAMES ONYSKI, and DEPUTY
ANTHONY STONE, jointly and
severally,

      Defendants.

_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on September 5, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

In an Opinion and Order issued on July 24, 2007, the Court granted partial summary judgment in favor of Defendants and ordered that the parties submit briefs regarding the only remaining issue in the case, Plaintiff's claim under the Fourth Amendment that Defendants Onyski and Stone used excessive force when effectuating his arrest. Both parties submitted their briefs and supporting documents on August 17, 2007. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted.

## II. BACKGROUND

This claim is brought pursuant to 28 U.S.C. § 1983, and the issue before the Court is whether Defendants Onyski and Stone violated Plaintiff's rights under the Fourth Amendment by using excessive force during his arrest on November 9, 2005. The facts of this case are more fully set forth in the Court's Opinion and Order issued July 24, 2007, and are repeated here only to the extent necessary to decide this issue.

During the early morning hours of November 9, 2005, Defendants, Deputies James Onyski and Anthony Stone (Onyski and Stone, respectively), were en route to investigate an abandoned home in Mt. Clemens, Michigan, when they came into contact with Plaintiff. (*See* Stone Dep. at 6-10). Plaintiff, who had been drinking heavily at a bar earlier that night, had been in his car for less than a minute when he saw one of the deputies drive by in the opposite direction in a Macomb County Sheriff's vehicle. (*See id.* at 12-13, 52). After the Sheriff's vehicle passed Plaintiff, it immediately turned around and stopped behind him with its overhead lights on. (*See id.* at 12, 16).

While Plaintiff was seated in his vehicle, Deputy Stone approached his driver's side window and asked to speak with him. (*See id.* at 18-19). Deputy Stone asked Plaintiff to produce his driver's license, which Plaintiff failed to do. (*See* Stone Dep. at 10). Once Plaintiff failed to produce a driver's license Deputy Stone placed him under arrest and asked him to exit the vehicle. (*See id.* at 10-11). Deputy Stone, assisted by Deputy Onyski, then led Plaintiff to the rear of his vehicle where he was patted down and placed in handcuffs. (*See* Onyski Dep. at 12-13). After securing Plaintiff, the deputies escorted him to Onyski's patrol car. (*See id.* at 13). According to Plaintiff, one of the deputies opened the rear door of the patrol car, turned Plaintiff around, punched him in the stomach one time, and sat him in the back seat of the car. (*See* Pl.'s Dep. at 22-23). Then Deputy Onyski administered a field sobriety test, which Plaintiff failed, and asked Plaintiff if he would take a

preliminary breath test, which Plaintiff did. (*See id.* at 18, 26; Onyski Dep. at 15). Thereafter, Deputy Onyski left the scene of the arrest with Plaintiff, and Deputy Stone stayed behind to search Plaintiff's vehicle and await a tow truck. (*See* Onyski Dep. at 16; Stone Dep. at 14-15, 24-25).

After being placed in a cell at the Macomb County Jail (MCJ), Plaintiff consistently complained of abdominal pain and was eventually treated by a prison physician. (*See* Pl.'s Dep. at 36-37, 44). Upon his release from MCJ later the same day, Plaintiff immediately reported to Mt. Clemens General Hospital and underwent emergency exploratory surgery, which revealed that Plaintiff's bladder had been ruptured. (*See id.* at 48-49; Dkt. #14, Ex. F). This suit followed.

## III. STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. PRO. 56(c); *accord Turner v. City of Taylor*, 412 F.3d 629, 637 (6th Cir. 2005). When deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A genuine issue of material fact exists when there is "sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (citations omitted).

## IV. ANALYSIS

Defendants move for summary judgment based on qualified immunity. Qualified immunity is an affirmative defense that protects government officials "from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "There are two steps

in the analysis: (1) whether, considering the allegations in a light most favorable to the party injured, a constitutional right has been violated, and (2) whether that right was clearly established." *Carter v. City of Detroit*, 408 F.3d 305, 310 (6th Cir. 2005). Thus, the Court must first determine whether, assuming Plaintiff's allegations are established, his constitutional right was violated.

## A. Deputy Stone

### 1. Whether Plaintiff's Constitutional Right Was Violated

The issue of whether Plaintiff's constitutional right was violated turns on whether one of the deputies in fact punched Plaintiff in the stomach, and if so, whether this one punch is sufficient to constitute unreasonable force under the Fourth Amendment. Defendants argue that there is no genuine issue of material fact that Plaintiff's right to be free from excessive force during an arrest was not violated. Principally, Defendants contend that no reasonable jury would find in favor of Plaintiff in light of their deposition testimony denying the use of any force, and Plaintiff's inconsistent descriptions of his arrest. In response, Plaintiff testified that the deputy who handcuffed him, later determined to be Deputy Stone, punched him in the stomach.

The Supreme Court recently commented on the standard for summary judgment in a case involving a Fourth Amendment excessive force claim, stating that "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, __ U.S. __, 127 S. Ct. 1769, 1776 (2007). In that case, the Supreme Court concluded that the plaintiff's version of the facts was so plainly contradicted by a video tape clearly depicting the alleged unreasonable seizure that no reasonable jury could believe the plaintiff. *See id.*

In the present case, Plaintiff's testimony during his deposition was inconsistent with his

initial pleadings and his description of events to medical personnel at the MCJ and Mt. Clemens

General Hospital. In his complaint, Plaintiff states that Defendants "unjustifiably and with malice

and wanton [sic], beat, struck, kicked and hit" him. Pl.'s Compl. ¶ 4. Upon arriving at the MCJ and

the hospital, however, Plaintiff stated that he had been kicked. *See* Dkt. #17, Ex. D; Dkt. #18, Ex.

C. Finally, during his deposition, Plaintiff repeatedly stated that he had been punched one time. *See*

Pl.'s Dep. at 22-23. Based on these inconsistent versions of events, the Court has serious doubts as

to Plaintiff's credibility and as to whether his testimony would stand up to cross examination at trial.

In contrast to *Scott*, however, Plaintiff's version of the facts, although inconsistent, is not so

blatantly contradicted by the record such that no reasonable jury would believe him. Moreover, it

is not the Court's responsibility to make credibility determinations when deciding motions for

summary judgment, and the Court finds that genuine issues of fact exist that preclude grating

Defendants' motion.

While Plaintiff's story varies, the fact remains  that he has consistently stated that a deputy

struck him. The record shows that this would have been Deputy Stone. Plaintiff also testified that

he continually complained of pain in his abdomen during the time he was in custody and repeatedly

asked for medical attention. Finally, the record shows that hours after the alleged punch, an

exploratory surgery revealed that Plaintiff's bladder was ruptured. The Court finds this evidence

sufficient to raise a genuine issue of material fact as to whether Plaintiff was in fact punched by

Deputy Stone.

Furthermore, if Plaintiff was punched by Deputy Stone, his Fourth Amendment right would

have been violated in this case. Plaintiff claims that Deputies Stone and Onyski violated his Fourth

Amendment right to be free from excessive, or unreasonable, force during an arrest. Such a claim

is evaluated under an objective reasonableness standard, *Brosseau v. Haugen*, 543 U.S. 194, 197-98

(2004), which demands "a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake," *Graham v. Connor*, 490 U.S. 386, 396 (1989) (internal quotation marks omitted). Thus the Court must pay close attention to "the severity of the crime at issue, whether the suspect pose[d] an immediate threat to the safety of the officers or others, and whether he [was] actively resisting arrest or attempting to evade arrest by flight." *Kostrzewa v. City of Troy*, 247 F.3d 633, 639 (6th Cir. 2001). Finally, this inquiry requires the Court to evaluate the reasonableness of the alleged force "from the perspective of a reasonable officer on the scene," accounting for the fact that "police officers are forced to make split-second judgments –in circumstances that are tense, uncertain, and rapidly evolving –about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 396-97.

In *McDowell v. Rogers*, 863 F.2d 1302 (6th Cir. 1988), the Sixth Circuit concluded that the plaintiff's right to be free from unreasonable force during an arrest had been violated where the defendant hit the plaintiff once with a nightstick when the plaintiff had already been handcuffed, secured, and posed no threat to the safety of the defendant or the public. *McDowell*, 863 F.2d at 1307. In reaching this conclusion, the court balanced the plaintiff's right to be free from such force with the defendant's need to use the force, and reasoned that while "not every push or shove, even if it may seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights ... our court has repeatedly found that a totally gratuitous blow with a policeman's nightstick may cross the constitutional line ...." *Id.* (internal quotation marks and citations omitted). Given the circumstances present in *McDowell*, the court found that the "need for the application of force was ... nonexistent" and, therefore, was sufficient to violate the Fourth Amendment. *Id.*

In the present case, Plaintiff was placed under arrest because he failed to produce a driver's

license upon the request of Deputy Stone. At the time, Plaintiff was extremely intoxicated, failed a field sobriety test, and had difficulty standing and walking. Once the deputies completed a pat down search of Plaintiff, he was handcuffed and escorted to Deputy Onyski's patrol vehicle. Thus, based on the nature of the offense, Plaintiff's physical condition, and the fact that he was handcuffed, like the plaintiff in *McDowell* he posed virtually no threat to the safety of the deputies or the public. Additionally, similar to *McDowell* there is no evidence that Plaintiff resisted arrest in any way. Consequently, like the defendant in *McDowell*, the deputies in this case had no need or interest in using force to make the arrest, rendering such force gratuitous. Therefore, assuming Plaintiff's version of the facts is true, the Court concludes that his Fourth Amendment right to be free from unreasonable force during his arrest would have been violated.

### 2. *Whether the Right was Clearly Established*

"The relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001). In making this determination the Court must look first to decisions of the Supreme Court, then to decisions of the Sixth Circuit, and finally, to decisions of other circuits. *Walton v. City of Southfield*, 995 F.2d 1131, 1136 (6th Cir. 1993).

The Sixth Circuit has "held for more than twenty years that it is clearly established in this circuit that 'a totally gratuitous blow' to a suspect who is handcuffed and offering no resistance violates the Fourth Amendment." *Bultema v. Benzie County*, No. 04-1772, 2005 WL 1993429 (6th Cir. Aug. 17, 2005) (quoting *McDowell,* 863 F.2d at 1307). Viewing the evidence in the light most favorable to Plaintiff, Deputy Stone delivered a gratuitous blow to a suspect who was handcuffed and offering no resistance. Plaintiff was heavily intoxicated at the time and there is no evidence that he resisted arrest in any way. Thus, assuming Plaintiff can establish his version of the facts, no

reasonable officer would have punched Plaintiff in the stomach after he was handcuffed and offered no resistance. Therefore, Deputy Stone is not entitled to qualified immunity, and Defendants' motion as to Deputy Stone is denied.

**B. Deputy Onyski**

The evidence clearly demonstrates that Deputy Onyski did not use any force during Plaintiff's arrest and Plaintiff has conceded that he has no claim under the Fourth Amendment against Deputy Onyski. Therefore, Deputy Onyski is entitled to qualified immunity and, consequently, summary judgment as to Plaintiff's Fourth Amendment claim.

## V. CONCLUSION

Accordingly,

IT IS ORDERED that Defendants' Motion for Summary Judgment is GRANTED as to Deputy Onyski and DENIED as to Deputy Stone.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: September 5, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 5, 2007.

s/Marie E. Verlinde
Case Manager
(810) 984-3290